1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6  DANIAL R. GRAMMER,

7                              Plaintiff,

8       v.

9  CAROLYN W. COLVIN, Acting
   Commissioner of Social Security,
10
11                             Defendant.

Case No. 3:13-cv-05355-RBL-KLS

REPORT AND RECOMMENDATION

Noted for May 9, 2014

12

13

14       Plaintiff has brought this matter for judicial review of defendant's denial of his

15  applications for disability insurance and supplemental security income ("SSI") benefits.  This

16  matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

17  636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v.

18  Weber, 423 U.S. 261 (1976).  After reviewing the parties' briefs and the remaining record, the

19  undersigned submits the following Report and Recommendation for the Court's review,

20  recommending that for the reasons set forth below, defendant's decision to deny benefits be

21  reversed and this matter be remanded for further administrative proceedings.

22
23                        FACTUAL AND PROCEDURAL HISTORY

24       On September 13, 2010, plaintiff filed an application for disability insurance benefits and

25  another one for SSI benefits, alleging in both applications that he became disabled beginning

26  March 1, 2008. See ECF #11, Administrative Record ("AR") 19.  Both applications were denied

REPORT AND RECOMMENDATION - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

upon initial administrative review on November 1, 2010, and on reconsideration on February 18, 2011. See id.  A hearing was held before an administrative law judge ("ALJ") on December 13, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 37-72.

In a decision dated January 20, 2012, the ALJ determined plaintiff to be not disabled. See AR 19-31.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on March 13, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, § 416.1481.  On May 15, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on July 24, 2013. See ECF #11.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and this matter should remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in evaluating the opinion evidence from Norma L. Brown, Ph.D., Daniel M. Neims, Psy.D., and Hueini Chen, M.S.; (2) in discounting plaintiff's credibility; and (3) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.  For the reasons set forth below, the undersigned agrees the ALJ erred evaluating the opinion evidence from Dr. Brown and in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy, and therefore in determining him to be not disabled.  Also for the reasons set forth below, while the undersigned finds that defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

REPORT AND RECOMMENDATION - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

. . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

REPORT AND RECOMMENDATION - 3

1

2    I.       The ALJ's Evaluation of the Opinion Evidence from Dr. Brown

3            The ALJ is responsible for determining credibility and resolving ambiguities and

4    conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

5    Where the medical evidence in the record is not conclusive, "questions of credibility and

6    resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639,

7    642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v.

8    Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Determining

9

10   whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

11   all) and whether certain factors are relevant to discount" the opinions of medical experts "falls

12   within this responsibility." Id. at 603.

13          In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

14   "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.  The ALJ can do this

15   "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

16   stating his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences

17   "logically flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may

18   draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881

19   F.2d 747, 755, (9th Cir. 1989).

20

21          The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

22   opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

23   1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can

24

25   ─────────────────────────────

26          scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
             rational.  If they are . . . they must be upheld.

     Sorenson, 514 F.2dat 1119 n.10.

     REPORT AND RECOMMENDATION - 4

1   only be rejected for specific and legitimate reasons that are supported by substantial evidence in

2   the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him

3   or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984)

4   (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative

5   evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981);

6   Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

7

8        In general, more weight is given to a treating physician's opinion than to the opinions of

9   those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need

10  not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and

11  inadequately supported by clinical findings" or "by the record as a whole." Batson v.

12  Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v.

13  Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

14  2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a

15  nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may

16  constitute substantial evidence if "it is consistent with other independent evidence in the record."

17

18  Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

19       With respect to the medical opinion evidence from Dr. Brown, the ALJ found:

20       On March 4, 2010, Norma Brown, Ph.D., evaluated the claimant and assessed

21       his Global Assessment of Functioning (GAF) at 45.  She opined that the
         claimant had no limitation with simple and complex instructions, learning new

22       tasks, exercising judgment, making decisions, and performing routine tasks.
         Dr. Brown opined that the claimant was moderately limited in the abilities to

23       care for himself, interact appropriately in public contacts, and maintain
         appropriate behavior in a work setting.  She opined that the claimant was

24       markedly limited in the ability to relate appropriately to coworkers and
         supervisors.  Dr. Brown opined that the claimant was severely limited in the

25       ability to respond appropriately to and tolerate the pressures and expectations
         of a normal work setting.  She opined that the claimant was unable to maintain

26       competitive employment at present due to severe addiction issues and severe

REPORT AND RECOMMENDATION - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

mental health concerns.  Dr. Brown opined that even after drug treatment the claimant likely could not maintain competitive employment until his mental health problems were addressed (Exhibit 1F).  I assign little weight to Dr. Brown's opinion.  I accept that the claimant's symptoms limit his ability to interact with the public, but do not find that he is significantly limited in the ability to relate appropriately to coworkers and supervisors.  On the function report he denied problems getting along with family, friends, neighbors and others.  He reported he got along with authority figures okay and denied that he was ever fired or laid off because of problems getting along with other people (Exhibit 4E).  I do not accept Dr. Brown's opinion that the claimant is severely limited in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, which was primarily based on the claimant's less than fully credible self-report.  I note that Dr. Brown's GAF assessment included consideration of factors such as the claimant's unemployment and recent incarceration, which do not provide a basis for awarding disability benefits.  I further note that the claimant completed inpatient chemical dependence treatment in June 2010 and has remained clean and sober since that time with the exception of a few brief relapses.

AR 26-27.

The undersigned agrees with plaintiff that the ALJ erred in rejecting Dr. Brown's opinion concerning his ability to relate appropriately to co-workers and supervisors based on statements in the function report plaintiff completed.[2]  While it is true that plaintiff checked a box on that report indicating he did not have any problems getting along with family, friends, neighbors or others, checked another box indicating he had never been fired or laid off from a job because of getting along with other people, and wrote "OK" in response to the question of how well he got along with authority figures, he also stated he had "a hard time with people," feeling that they were watching, following and wanting to hurt him. AR 222-23.  These additional statements comport with other testimony and reports concerning problems socializing and being with other people contained in the record. See AR 46, 52, 62-64, 227, 341-42.  Although it is the duty of the

---

[2] See Morgan, 169 F.3d at 601-02 (upholding ALJ's rejection of physician's conclusion that claimant suffered from marked limitations in part on basis that claimant's reported activities of daily living contradicted it); Magallanes, 881 F.2d at 754 (finding ALJ properly rejected physician's opinion in part on basis that it conflicted with claimant's own subjective pain complaints).

REPORT AND RECOMMENDATION - 6

1
2
3

ALJ to resolve conflicts and ambiguities in the evidence in the record, the ALJ's failure to

discuss this other, contradictory testimony and self-reporting indicates that she did not properly

do so in this instance.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

The undersigned further agrees with plaintiff that it is not at all clear Dr. Brown relied

primarily on his self-reporting in finding him to be severely limited in his ability to respond

appropriately to and tolerate the pressures and expectations of a normal work setting.[3]  Dr.

Brown's evaluation report suggests that she relied at least in part on what she observed of

plaintiff during her evaluation of him.  For example, in support of her opinion here Dr. Brown

noted that plaintiff was "very fragile," which is not out of line with the agitation and restlessness,

rapid speech, lability, "high" anxiety, pressured/accelerated thought processes, paranoid thought

content, and extreme impulsivity she noted in regard to plaintiff's mental status examination. AR

254, 257; see also Clester v. Apfel, 70 F.Supp.2d 985, 990 (S.D. Iowa 1999) (results of mental

status examination provide basis for psychiatric disorder diagnosis, just as physical examination

results provide basis for diagnosis of physical illness or injury).  It is unclear whether the ALJ

properly considered this evidence, given that she did not discuss it when presenting her basis for

rejecting Dr. Brown's opinion here.  That failure to do so was improper.

19
20
21
22
23
24
25

Lastly, the undersigned agrees as well with plaintiff that to the extent the ALJ rejected

Dr. Brown's opinions on the basis that he remained essentially clean and sober since June 2010,

she erred.  As the ALJ herself noted, although Dr. Brown opined that plaintiff was "unable to

maintain competitive employment at the present time due to severe addiction as well as severe

mental health concerns" (AR 254), she went on to comment that "even after drug treatment," his

"severe mental health problems . . . will likely severely interfere with his ability to work" and

26

---

[3] See Morgan, 169 F.3d at 601 (physician's opinion premised to large extent on claimant's own accounts of his or her symptoms and limitations may be disregarded where those complaints have been properly discounted).

REPORT AND RECOMMENDATION - 7

"will likely not be able to maintain competitive employment until these issues are addressed" (AR 258). Thus, Dr. Brown apparently believed that even in the absence of substance abuse his mental health problems would continue to be disabling.

II.     The ALJ's Findings at Step Five

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ in this case found plaintiff had the residual functional capacity to perform work

REPORT AND RECOMMENDATION - 8

with "**no exertional restrictions**," but would be limited to "**remember[ing] and execut[ing]**

**simple instructions**," "**avoid[ing] working with the public**" and working where there were

"**minimal changes in the workplace routine and environment**." AR 23 (emphasis in original).

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation

process the ALJ must show there are a significant number of jobs in the national economy the

claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §

404.1520(d), (e), § 416.920(d), (e).  The ALJ can do this through the testimony of a vocational

expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180

F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

    An ALJ's findings will be upheld if the weight of the medical evidence supports the

hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987);

Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).  The vocational expert's testimony

therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See

Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).  Accordingly, the ALJ's description of the

claimant's disability "must be accurate, detailed, and supported by the medical record." Id.

(citations omitted).  The ALJ, however, may omit from that description those limitations he or

she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

    At the hearing, the ALJ posed a hypothetical question to the vocational expert containing

substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual

functional capacity. See AR 69.  In response to that question, the vocational expert testified that

an individual with those limitations – and with the same age, education and work experience as

plaintiff – would be able to perform other jobs. See AR 69-70.  Based on the testimony of the

vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in

REPORT AND RECOMMENDATION - 9

1    significant numbers in the national economy. See AR 29-30.

2         Plaintiff argues, and the undersigned agrees, that in light of the ALJ's improper rejection

3    of Dr. Brown's opinions, it cannot be said at this time that the hypothetical question posed by the

4    ALJ completely and accurately reflects all of his mental functional limitations, and therefore that

5    the ALJ's reliance on the ALJ's testimony in response thereto to find him disabled at step five is

6    supported by the substantial evidence in the record.  The undersigned agrees as well that the

7    hypothetical question does not accurately reflect all of the moderate mental functional limitations

8    contained in the assessments provided by non-examining psychologists, Vincent Gollogly, PhD.,

9    and Michael Brown, Ph.D., despite the ALJ's statement that he had assigned "significant weight"

10   to those assessments.  In regard to that medical opinion evidence the ALJ specifically found in

11   relevant part:

12

13   . . . On October 5, 2010, State agency psychological consultant Vincent
14   Gollogly, Ph.D., opined that psychiatric symptoms moderately interfered with
     the claimant's ability to sustain concentration and persistence.  He opined that
15   the claimant should avoid work that entailed extensive public contact, but
     could work with a familiar workgroup.  Dr. Gollogly opined that the
16   claimant's anxiety symptoms moderately interfered with the claimant's ability
17   to adapt to changes in the work setting.  He opined that the claimant was able
     to be aware of normal workplace hazards and take appropriate precautions.
18   Dr. Gollogly opined that the claimant could travel to unfamiliar places
     (Exhibits 3A, 4A).  On February 18, 2011, State agency psychological
19   consultant Michael Brown, Ph.D., reviewed the evidence and concurred with
     Dr. Gollogly's assessment (Exhibit 5A, 8A).  I assign significant weight to the
20   State agency psychological consultants' mental assessments.  Although they
     did not examine the claimant, they are experts in evaluating the psychological
21   issues in disability claims before the Social Security Administration and their
     opinions are appropriately accorded weight . . . I accept that psychiatric
22   symptoms moderately interfere with the claimant's ability to sustain
     concentration and persistence.  However, his ability to concentrate and persist
23   at tasks is sufficient for him to remember and execute simple instructions on a
24   consistent basis.  I accept that the claimant's anxiety symptoms moderately
     interfere with his ability to adapt to changes in the work setting.
25   Consequently, I find there should be minimal changes in the workplace
     routine and environment.
26

REPORT AND RECOMMENDATION - 10

1    AR 26.

2         Defendant argues the moderate limitation in plaintiff's ability to sustain his concentration

3    and persist Drs. Gollogly and Brown found comports with the ALJ's restriction to remembering

4    and executing simple instructions.  But as plaintiff points out, the evaluation forms those medical

5    sources completed separately address the ability to understand, remember and carry out simple,

6
7    as well as more detailed, instructions, and therefore a restriction in that area would appear to be

8    distinct from the ability to sustain concentration and persist. See AR 80, 90, 101, 114.  Dr.

9    Gollogly and Dr. Brown also found that plaintiff was moderately limited in his ability to work in

10   coordination with or proximity to and get along with others, that he could work with "a familiar

11   workgroup," and that he was moderately limited in his ability to accept instructions and respond

12   appropriately to criticism from supervisors (AR 80-81, 90-91, 101-02, 114-15), which is not

13
14   reflected in the ALJ's RFC assessment or her hypothetical question.  Also not reflected therein is

15   the moderate limitation in plaintiff's ability to complete a normal workday or workweek and

16   perform at a consistent pace which Drs. Brown and Gollogly assessed as well. See AR 80, 90.

17   III.    This Matter Should Be Remanded for Further Administrative Proceedings

18        The Court may remand this case "either for additional evidence and findings or to award

19   benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the

20   proper course, except in rare circumstances, is to remand to the agency for additional

21   investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations

22
23   omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is

24   unable to perform gainful employment in the national economy," that "remand for an immediate

25   award of benefits is appropriate." Id.

26        Benefits may be awarded where "the record has been fully developed" and "further

REPORT AND RECOMMENDATION - 11

1    administrative proceedings would serve no useful purpose." <u>Smolen</u>, 80 F.3d at 1292; <u>Holohan</u>

2    <u>v. Massanari</u>, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, they should be awarded where:

3
4
5
> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

6
7    <u>Smolen</u>, 80 F.3d 1273 at 1292; <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

8    Because issues still remain in regard to the medical opinion evidence in the record concerning

9    plaintiff's mental impairments and limitations discussed above, and therefore in regard to his

10   residual functional capacity and ability to perform other jobs existing in significant numbers in

11   the national economy, remand for further consideration of those issues is warranted.

12           Plaintiff argues that because the ALJ erred in rejecting the opinions of Norma Brown,

13
14   Ph.D., they should be credited as true.  Plaintiff is correct that where the ALJ has failed "to

15   provide adequate reasons for rejecting the opinion of a treating or examining physician," that

16   opinion generally is credited "as a matter of law." <u>Lester</u>, 81 F.3d at 834 (citation omitted).  But

17   application of this "credit as true" rule "is not mandatory when, even if the evidence at issue is

18   credited, there are 'outstanding issues that must be resolved before a proper disability

19   determination can be made.'" <u>Luna v. Astrue</u>, 623 F.3d 1032, 1035 (9th Cir. 2010) (quoting

20
21   <u>Vasquez v. Astrue</u>, 572 F.3d 586, 593 (9th Cir.2009)); <u>see</u> <u>also</u> <u>Bunnell v. Barnhart</u>, 336 F.3d

22   1112, 1116 (9th Cir. 2003).  Such is the case here.

23           First, given that error has been established only in regard to the above-discussed medical

24   opinion sources, it is far from clear that the ALJ would be required to find plaintiff disabled at

25   this time.  In addition, the moderate limitations found by the two non-examining psychologists

26   are at odds with the disability opinions Dr. Brown, the evaluating psychologist, provided.  These

REPORT AND RECOMMENDATION - 12

1    are outstanding issues, as are the others noted above, that need resolution on remand.  Plaintiff

2    asserts that "[w]hen several of [the limitations the two non-examining psychologists assessed]

3    were presented to the vocational expert, she testified that [he] would not be able to sustain

4    competitive employment." ECF #18, p. 19.  But as defendant points out, plaintiff has not come

5    forth with any evidence that either psychologist viewed the moderate limitations they assessed to

6    be as restrictive as plaintiff's counsel presented them to be at the hearing. See AR 70-71.  As

7    such, the undersigned declines to apply the credit-as-true rule in this case.

8

9                                                    CONCLUSION

10         Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

11   improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as

12   well that the Court reverse defendant's decision to deny benefits and remand this matter for

13   further administrative proceedings in accordance with the findings contained herein.

14         Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

15   72(b), the parties shall have **fourteen (14) days** from service of this Report and

16   Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file

17   objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn,

18   474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

19   is directed set this matter for consideration on **May 9, 2014**, as noted in the caption.

20         DATED this 17th day of April, 2014.

21

22

23

24

25                                                           Karen L. Strombom
                                                             United States Magistrate Judge
26

REPORT AND RECOMMENDATION - 13